UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID NATHANIEL ROBERTS,

    Plaintiff,

    v.

WARDEN LYNCH,

    Defendant.

No. 2:20-cv-01349 WBS DB P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights by improperly taking funds from his prison trust account and withholding his legal mail. Presently before the court is plaintiff's First Amended Complaint ("FAC") for screening. (ECF No. 17.) For the reasons stated below, plaintiff will be given the option to proceed on his cognizable claims or be given leave to amend his complaint.

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2  U.S.C. § 1915A(b)(1) & (2).

3    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

9  the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

10  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

11  the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

12  544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13    However, in order to survive dismissal for failure to state a claim a complaint must

14  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

15  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

16  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

17  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

18  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

19  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20    The Civil Rights Act under which this action was filed provides as follows:

21  
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

22

23

24

25  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

27  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

28  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

2

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  Id. at 676.

## III.    Allegations in the FAC

The FAC states that, at all relevant times, plaintiff was an inmate at California State Prison, Sacramento ("SAC").  (ECF No. 17 at 1.)  Plaintiff names California Department of Corrections and Rehabilitation ("CDCR") correctional officers Peluso and Jones as defendants.

3

(Id. at 2.)  Plaintiff additionally names the "Accounting Staff" of the "Trust Office" and "Mail Delivery Staff" of the "Mailroom" as defendants.  (Id.)

In the FAC, plaintiff alleges that defendants Peluso and Jones withheld mail from plaintiff.  (Id. at 3.)  Plaintiff claims that whenever Peluso and Jones were working plaintiff did not receive mail, including mail that plaintiff was expecting from "'family', 'friends', 'businesses', and other 'mail'…."  (Id.)  Instead, this mail "comes up missing or lost."  (Id.)  Plaintiff also states that when Peluso and Jones were not working, he did not have any issues receiving mail.  (Id.)  Plaintiff also alleges that the mailroom staff stole money orders sent by family as well as the "stimulus check" sent to the plaintiff.  (Id. at 5.)

Plaintiff also claims in the FAC that the "Trust Office" stole funds from plaintiff's trust account.  (Id. at 4.)  However, this allegation consists of a single sentence stating that the trust office took funds from the plaintiff's account and would not provide him with a trust account statement.  (Id.)

**IV.  Does Plaintiff State a § 1983 Claim?**

   **A.  Interference with Mail**

      **1.  Legal Standards**

Prison officials have a responsibility to forward incoming mail to inmates promptly.  See Bryan v. Werner, 516 F.2d 233, 238 (3d Cir. 1975).  Allegations that mail delivery was delayed for an inordinate amount of time and allegations of a pattern of interference with mail are sufficient to state a claim for violation of the First Amendment.  See Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996); Calihan v. Adams, No. 1:09-CV-1373 MJS (PC), 2011 WL 284467, at *3 (E.D. Cal. Jan. 26, 2011) (ongoing delays of between 21 and 35 days in receiving incoming mail sufficiently long to substantially burden plaintiff's First Amendment rights and chill his exercise of free speech).  Any practice or regulation that unduly delays an inmate's incoming mail must be reasonably related to legitimate penological interests.  See Turner v. Safley, 482 U.S. 78, 89 (1987).  But a temporary delay or isolated incident of delay does not violate a prisoner's First Amendment rights.  See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir.

////

1999) (policy of diverting publications through property room reasonably related to prison's interest in inspecting mail for contraband).

Prisoners also have a procedural due process right to be notified that incoming mail is being withheld. "[W]ithhold[ing] delivery of [inmate mail] must be accompanied by minimum procedural safeguards." Procunier v. Martinez, 416 U.S. 396, 417 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413–14 (1989); Krug v. Lutz, 329 F.3d 692, 698 (9th Cir. 2003). However, to state a due process claim, a prisoner must also allege that the failure to provide notice was "caused by conduct pursuant to established state procedure, rather than random and unauthorized action." Sorrels v. McKee, 290 F.3d 965, 972 (9th Cir. 2002).

Prisoners also have a right to send mail. A practice of censoring outgoing mail is only justified if the following criteria are met: (1) the practice or regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier, 416 U.S. at 413.

Finally, to the extent that plaintiff claims that the interference with his mail also violated applicable regulations or policies, there is no implied private right to sue civilly for violation of Title 15 of the California Code of Regulations or prison regulations. See e.g., Vasquez v. Tate, No. 1:10-cv-1876-JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); Davis v. Powell, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012).

**2. Defendants Peluso and Jones**

Plaintiff alleges that defendants Peluso and Jones interfered with plaintiff's incoming mail by withholding all mail from the plaintiff. (ECF No. 17 at 3.) Plaintiff claims that whenever defendants Peluso and Jones were working plaintiff would not receive mail, including mail he was expecting. (Id.) Plaintiff did not experience these issues when defendants Peluso and Jones were not present. (Id.) Liberally construing the FAC, the court finds plaintiff has minimally alleged potentially cognizable First Amendment claims of interference with plaintiff's access to mail.

////

### 3. Mail Delivery Staff

Plaintiff has also more generally alleged that mailroom staff have interfered with his mail by taking money orders and his stimulus check. (ECF No. 17 at 5.) Plaintiff has not identified any individual defendants or specified what actions they took to interfere with his rights. As such, plaintiff has failed to satisfy the linkage requirement for claims brought under § 1983. Jones, 297 F.3d at 934; Ortez, 88 F.3d at 809; Taylor, 880 F.2d at 1040.

To the extent that plaintiff intended this to be a Fourteenth Amendment due process claim, plaintiff has failed state a claim. As noted in the screening order for plaintiff's original complaint (ECF No. 9 at 5), deprivation of property does not constitute a violation of due process provided there exists a meaningful postdeprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). As California provides an adequate postdeprivation remedy, plaintiff likely cannot state a due process claim against the mailroom staff. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

As it is possible that plaintiff could state a claim against specific defendants for interference with his mail related to the money orders and his stimulus check, plaintiff will be given the option to amend his complaint to state additional claims or defendants.

### B. Prison Trust Account Claim

In the court's previous screening order (ECF No. 9), plaintiff was advised that the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for that loss is available." Hudson, 468 U.S. at 533. Plaintiff was also told that "California provides an adequate post deprivation remedy for any property deprivations." Barnett, 31 F.3d at 816-17. The FAC does not contain any additional allegations that show plaintiff is able to state a claim based on his allegation that funds have been taken from his prison trust account. Additionally, this claim does not satisfy the linkage requirement as the stated defendant is the "trust office" generally. Jones, 297 F.3d at 934; Ortez, 88 F.3d at 809; Taylor, 880 F.2d at 1040.

////

Accordingly, plaintiff has failed to allege sufficient facts to state a claim based on the allegation that funds were taken from his trust fund account.

## AMENDING THE COMPLAINT

This court finds above that plaintiff alleged sufficient facts to state a cognizable claim against defendants Peluso and Jones for interference with plaintiff's mail in violation of his First Amendment rights. However, plaintiff has not alleged sufficient facts to state any other claim. Plaintiff will be given the option to proceed on his cognizable claims or to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff states a cognizable First Amendment claim against defendants Peluso and Jones.
2. Plaintiff fails to state any other cognizable claims in the complaint.
3. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
4. Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed. Plaintiff may use the form included with this order for this purpose.
5. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

////

////

6. The Clerk of the Court is directed to add correctional officers Peluso and Jones as defendants to this action.

Dated: January 20, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/robe1349.scrn

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN LYNCH,<br><br>        Defendant. | No.  2:20-cv-01349 WBS DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_    Plaintiff wants to proceed immediately on his First Amendment interference with mail claim against correctional officers Peluso and Jones.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_    Plaintiff wants to amend the complaint.

DATED:_____                                         _____

David Nathaniel Roberts
Plaintiff pro se

10