UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LYNCH, et al.,<br><br>　　　　　Defendant. | No.  2:20-cv-1349 WBS DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants violated his rights by improperly taking funds from his prison trust account and withholding his legal mail.  Presently before the court is defendants' motion to revoke plaintiff's in forma pauperis ("IFP") status (ECF No. 37) and defendants' motion to modify the discovery and scheduling order and stay the case (ECF No. 38).  For the reasons stated below, the undersigned will recommend that this action be dismissed, and deny as moot defendants' motion to revoke plaintiff's IFP status and motion to modify the discovery and scheduling order.

**I.　　Procedural History**

Defendants filed the motion to revoke plaintiff's IFP status on June 2, 2023.  (ECF No. 37).  Five days later, they moved to modify the discovery and scheduling order and stay the case pending resolution of their motion to revoke plaintiff's IFP status.  (ECF No. 38.)   Plaintiff's

1

1 opposition or statement of non-opposition to each of these motions was due twenty-one days after
2 defendants filed them, but those deadlines passed without plaintiff filing a response.  See Loc. R.
3 230(1).

### II.    Plaintiff's Failure to Oppose Defendants' Motion to Revoke Plaintiff's IFP Status

On July 10, 2023, the court ordered plaintiff to file an opposition to defendants' motion to revoke plaintiff's IFP status or show cause as to why the action should not be dismissed for failure to prosecute and failure to comply with court orders.  (ECF No. 39.)  It gave plaintiff thirty days to file his response and warned that a failure to comply would result in a recommendation that this action be dismissed.  (Id. at 2.)  Those thirty days have passed, and plaintiff has not filed an opposition or statement of non-opposition to defendants' motion to revoke plaintiff's IFP status, or otherwise responded to the court's July 10, 2023 order.  Accordingly, the undersigned recommends that this action be dismissed for failure to prosecute and failure to comply with a court order.

### A.  Legal Standard

"District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case."  Bautista v. L.A. Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)).  Involuntary dismissal is one of the harshest sanctions at a trial court's disposal because it denies the plaintiff his day in court, and as a result, it is reserved for use only in the most extreme circumstances.  Fed. R. Civ. P. 41(b); Thompson v. Housing Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986).  In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  Ferdik, 963 F.2d at 1260-61.

////
////
////

**B. Analysis**

**1. Public's Interest in Expeditious Resolution of Litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

Plaintiff initiated this action on July 6, 2020. (ECF No. 1.) Plaintiff has not submitted any filings in this action since he filed the first amended complaint (ECF No. 17) on June 16, 2021, nor has he responded to the motion to revoke plaintiff's IFP status or the court's orders.[1] Plaintiff's inaction and unresponsiveness prevents litigation from proceeding forward. As such, this factor favors dismissal.

**2. Court's Need to Manage Its Docket**

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1961)).

As stated above, plaintiff has not participated in this action or responded to court orders since June 2021. It appears that at the present time, plaintiff has lost interest in pursuing this petition. For the court to spend further time on this action when plaintiff is not responding to court orders would consume scarce judicial resources on an action plaintiff is no longer pursuing. Accordingly, this factor weighs in favor of dismissal.

**3. Risk of Prejudice to Defendants**

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone v. U.S. Postal Service, 833 F.2d 128, 131 (9th Cir. 1987)). The "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).

////

---

[1] On December 21, 2022, the Clerk of the Court updated plaintiff's record address after plaintiff filed a notice of change of address in another matter, Roberts v. Kern Valley State Prison, 1:22-cv-1505 ADA GSA.

While prejudice to a defendant by the pendency of an action is insufficient, the Ninth Circuit has held that unreasonable delay may be presumed prejudicial to the defendant. See In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994); Moore v. Teflon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978).  Here, there has been unreasonable delay as plaintiff has failed to provide any response to the motion to revoke plaintiff's IFP status or the court's orders, despite the fact that the motion has been pending for nearly three months.  Plaintiff may rebut the presumption of prejudice by providing a non-frivolous excuse for the delay.  Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002); Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991). However, plaintiff has not provided any excuse, whether frivolous or non-frivolous, for his failure to respond to the motion or court orders.  Accordingly, the third factor weighs in favor of dismissal.

### 4. Availability of Less Drastic Alternatives

Warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement.  Malone, 833 F.2d at 132 (citing Buss v. Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984)).

Plaintiff was previously advised that failure to respond to the court's order would result in a recommendation that this action be dismissed.  (ECF No. 39 at 2.)  In light of the court's warning, this factor weighs in favor of dismissal.

### 5. Public Policy Favoring Disposition of Cases on Their Merits

Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

The undersigned finds that four of the five Ferdik factors support dismissal, and thus, outweigh the general public policy favoring disposition on the merits.  See Ferdik, 963 F.2d at 1263.  Accordingly, the undersigned will recommend that this action be dismissed.

////

////

////

////

4

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 37) is denied as moot, without prejudice to its renewal should the district judge decline to adopt these findings and recommendations.

2. Defendants' motion to modify the discovery and scheduling order and stay the case (ECF No. 38) is denied as moot, without prejudice to its renewal should the district judge decline to adopt these findings and recommendations.

IT IS RECOMMENDED that:

1. This action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 24, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:15
DB/DB Prisoner Inbox/Civil Rights/S/robe1349.no oppo.fr

5