UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>LYNCH, et al.,<br><br>Defendants. | No. 2:20-cv-1349 WBS DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. Presently before the court is defendants' motion to modify the discovery and scheduling order and stay the case. (ECF No. 42.) For the reasons provided below, the court will grant in part and deny in part the motion.

**BACKGROUND**

On April 24, 2023, the court issued a discovery and scheduling order ("DSO"). (ECF No. 36.) Pursuant to the order, the parties could conduct discovery until August 31, 2023. (Id. at 6.) The parties had until July 2, 2023 to serve discovery requests. (Id.) All pretrial motions, except motions to compel discovery, must be filed on or before November 30, 2023. (Id.)

On June 2, 2023, defendants filed a motion to revoke plaintiff's in forma pauperis ("IFP") status. (ECF No. 37). On June 7, they moved to modify the DSO and stay the case pending

////

1

1    resolution of their motion to revoke plaintiff's IFP status.  (ECF No. 38.)  Plaintiff failed to file an

2    opposition or statement of non-opposition in response to either motion.  See Loc. R. 230(1).

3           On July 10, 2023, the court directed plaintiff to either file an opposition or statement of

4    non-opposition to defendants' motion to revoke his IFP status, or show cause in writing why this

5    case should not be dismissed for failure to prosecute and failure to comply with court orders.

6    (ECF No. 39.)  He was granted thirty days to respond to the court's order and warned that failure

7    to comply would result in a recommendation that this case be dismissed.  (Id. at 2.)

8           Thirty days passed without plaintiff filing a response to the motion to revoke his IFP

9    status, or otherwise responding to the court's July 10, 2023 order.  On August 24, 2023, the

10   undersigned issued findings and recommendations recommending that the case be dismissed for

11   failure to prosecute and failure to comply with a court order.  (ECF No. 40.)  The court denied as

12   moot defendants' motion to modify the DSO (ECF No. 37), without prejudice to its renewal.

13   (ECF No. 40 at 5.)  Objections to the findings and recommendations are due on September 13,

14   2023.  (Id.)

15          Defendants filed the instant motion to modify the DSO on August 29, 2023.  (ECF No.

16   42.)  In it, they ask the court to vacate the DSO and stay the case pending the district judge's

17   order regarding the August 24, 2023 findings and recommendations.  (Id. at 1.)

18                    **MOTION TO MODIFY THE DSO AND STAY THE CASE**

19   **I.     Defendants' arguments**

20          Defendants argue there is good cause to vacate the DSO and stay the case.  They note that,

21   should the district judge adopt the August 24, 2023 findings and recommendations, the case will

22   be closed and discovery and dispositive motions practice will become unnecessary.  (ECF No. 42

23   at 5.)  Further, even if the findings and recommendations are not adopted, defendants believe they

24   can prevail on their motion to revoke plaintiff's IFP status, which, if granted, would require a

25   modification of the DSO to give plaintiff time to pay the filing fee.  (Id.)  If he does not pay the

26   fee, then the case will be dismissed.  (Id.)

27          Defendants also argue that they have been diligent in bringing their motion to modify the

28   DSO.  (Id.)  They initially sought a modification shortly after filing the motion to revoke

1  plaintiff's IFP status, and filed the instant motion less than a week after the August 24, 2023

2  findings and recommendations issued.  (Id.)

3   **II.     Legal Standards**

4      **A.  Rule 16**

5   "Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control

6  and expedite pretrial discovery through a scheduling order." FMC Corp. v. Vendo Co., 196 F.

7  Supp. 2d 1023, 1030 (E.D. Cal. 2002).  "A schedule may be modified only for good cause and

8  with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Rule 16(b)'s "'good cause' requirement

9  focuses primarily on the party's diligence and its reasons for not acting sooner." City of Lincoln

10  v. County of Placer, --- F. Supp. 3d ---, 2023 WL 2776091, at *6 (E.D. Cal. 2023).  "If a party

11  was not diligent, the inquiry should end." Vendo Co., 196 F. Supp. 2d at 1030 (quoting Johnson

12  v. Mammoth Recs., Inc., 975 F.2d 604, 609 (9th Cir. 1992)).  "The decision to modify a

13  scheduling order is within the broad discretion of the district court." Id.

14      **B.  Motions to Stay**

15   The United States Supreme Court has clearly indicated that "the power to stay

16  proceedings is incidental to the power inherent in every court to control the disposition of the

17  causes on its docket with economy of time and effort for itself, for counsel, and for litigants.

18  How this can best be done calls for the exercise of judgment, which must weigh competing

19  interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254–55

20  (1936).  "Those interests include: the possible damage which may result from the granting of a

21  stay, the hardship or inequity which a party may suffer in being required to go forward, and the

22  orderly course of justice measured in terms of the simplifying or complicating of issues, proof,

23  and questions of law which could be expected to result from a stay." Sarkar v. Garland, 39 F.4th

24  611, 617–18 (9th Cir. 2022) (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962))

25  (internal quotation marks omitted).  "[T]he proponent of the stay bears the burden of establishing

26  its need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

27  ////

28  ////

### III.     Analysis

Defendants have demonstrated good cause to modify the DSO. Although plaintiff has until September 19, 2023 to file an opposition or statement of non-opposition, the court will nonetheless grant the motion, as plaintiff has repeatedly failed to file responses to defendants' motions or comply with court orders. (See ECF No. 40.) Loc. R. 230(l). Additionally, the discovery deadline in this case is August 31, 2023, prior to the deadline for plaintiff to respond. (See ECF No. 36.)

The court agrees that defendants have acted diligently. They initially sought to modify the DSO on June 7, five days after filing their motion to revoke plaintiff's IFP status. (Id. at 6; ECF No. 37.) Similarly, they filed the instant motion five days after the findings and recommendations issued. (ECF Nos. 40, 42.) Furthermore, requiring defendants to comply with the August 31 discovery deadline would appear to be futile, as plaintiff has failed to prosecute this action. (See ECF No. 40.)

However, defendants have not articulated any hardship they will suffer if the case is not stayed. Plaintiff's failure to prosecute his claim indicates that he is unlikely to serve defendants with discovery requests or file motions requiring defendants' responses prior to the district judge issuing an order regarding the findings and recommendations. If plaintiff does take these actions, defendants may renew their motion to stay. At this time, vacating the DSO provides defendants sufficient relief.

////
////
////
////
////
////
////
////
////

4

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that:

1. Defendants' motion to modify the discovery and scheduling order and stay the case (ECF No. 42) is granted in part and denied in part.
2. The April 24, 2023 DSO (ECF No. 36) is vacated. In the event the August 24, 2023 findings and recommendations (ECF No. 40) are not adopted, the court will set new deadlines.
3. Defendants' request to stay the case is denied without prejudice.

Dated: August 31, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB: 15
DB/DB Prisoner Inbox/Civil Rights/R/robe1349.mod DSO