UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DAVID NATHANIEL ROBERTS, | No. 2:20-cv-01349 WBS DB P |
| Plaintiff, | |
| v. | ORDER |
| LYNCH, ET AL., | |
| Defendants. | |

----oo0oo----

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Defendants have moved to revoke plaintiff's in forma pauperis ("IFP") status.  (Docket No. 37.)  On August 25, 2023, the Magistrate Judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty days.  (Docket No. 40.)  The

1

1  findings and recommendations recommend that the motion to revoke
2  IFP status be denied as moot and that the action be dismissed for
3  failure to prosecute and failure to comply with a court order,
4  specifically the Magistrate Judge's order to show cause.
5  Plaintiff has not filed objections to the findings and
6  recommendations.
7          It should be noted that the Magistrate Judge previously
8  held that plaintiff's First Amended Complaint stated a cognizable
9  claim under the First Amendment.  (See Docket No. 19.)
10 Further, while plaintiff has not responded to the Magistrate
11 Judge's show cause order, the motion to revoke, or the Magistrate
12 Judge's most recent findings and recommendations, he did file
13 three letters regarding settlement in February and March of this
14 year.  (Docket Nos. 30, 31, 32.)  Rather than dismiss the case
15 for plaintiff's failure to properly respond to the court's
16 orders, the court elects to address the merits of defendants'
17 motion to revoke plaintiff's IFP status.
18         The Prison Litigation Reform Act of 1995 ("PLRA")
19 permits a federal court to authorize the commencement and
20 prosecution of any suit without prepayment of fees by a person
21 who submits an affidavit indicating that the person is unable to
22 pay such fees.  The Magistrate Judge previously held that
23 plaintiff had made the required showing under 28 U.S.C. § 1915(a)
24 that he was unable to pay the fees and allowed him to proceed "in
25 forma pauperis," without prepayment of fees.  (Docket No. 9.)
26         However, a prisoner may not bring a civil action
27 without prepayment of fees "if the prisoner has, on 3 or more
28 prior occasions, while incarcerated or detained in any facility,

2

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

It now appears that magistrate judges of this court have previously found that plaintiff has at least three "strikes" under 28 U.S.C. § 1915(g) based on the following cases: (1) Roberts v. Huckleberry, Case No. 1:18-cv-01237 (E.D. Cal.) (Docket Nos. 35 & 57) (dismissed for failure to state a claim); (2) Roberts v. KVSP Investigation Service Unit, Case No. 1:19-cv-01055 (E.D. Cal.) (Docket Nos. 12 & 14) (dismissed for failure to state a claim); and (3) Roberts v. CDC-R Trust Office, Case No. 5:20-cv-00977 (C.D. Cal.) (Docket No. 5) (dismissed as frivolous, malicious, or for failure to state a claim). Roberts v. Kern Valley State Prison, No. 1:22-CV-01505 GSA PC, 2023 WL 1806238, at *1 (E.D. Cal. Jan. 5, 2023), report and recommendation adopted, No. 1:22-cv-01505 ADA GSA (PC), 2023 WL 2587960 (E.D. Cal. Mar. 21, 2023); Roberts v. Richer, No. 1:21-CV-714 AWI HBK, 2021 WL 1928502, at *2 (E.D. Cal. May 13, 2021), report and recommendation adopted, No. 1:21-cv-00714 AWI HBK PC, 2021 WL 2806260 (E.D. Cal. July 6, 2021).[1]

The court agrees that these cases qualify as strikes under 28 U.S.C. § 1915(g). Further, as this case addresses the purported theft of plaintiff's mail, plaintiff has not shown that

---

[1] Defendants identify additional cases that they contend qualify as strikes under 28 U.S.C. § 1915(g). The court need not address those other cases.

3

he is under imminent danger of serious physical harm.  (See Mot. at 5-7.)  Accordingly, the court will grant the motion to revoke IFP status.

IT IS THEREFORE ORDERED that defendants' motion to revoke plaintiff's forma pauperis status (Docket No. 37) be, and the same hereby is, GRANTED;

IT IS FURTHER ORDERED that the court's order issued on January 15, 2023 (Docket No. 9), granting plaintiff's application to proceed in forma pauperis, and the court's order issued on January 15, 2023 (Docket No. 10), directing payment of the filing fee by the CDCR, are hereby VACATED; and plaintiff's forma pauperis status is REVOKED under 28 U.S.C. 195(g);

AND IT IS FURTHER ORDERED that within thirty days of the date of service of this order, plaintiff shall pay the $350.00 filing fee in full for this action.[2]  Failure to comply with this order shall result in the dismissal of this action.

Dated:  October 3, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] Although CDCR was ordered to make an initial partial payment and subsequent monthly payments from the plaintiff's prison trust account, the Clerk's Office indicates that no payment has been received, and therefore the entire filing fee remains to be paid.